UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRI "MEGAN" TORRES,

    Plaintiff,

v().                                                   Case No: 8:21-cv-892-TPB-JSS

PASCO COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendant.
_____/

**ORDER GRANTING "DEFENDANT'S
MOTION TO DISMISS AMENDED COMPLAINT"**

This matter is before the Court on "Defendant's Motion to Dismiss Amended Complaint," filed by counsel on June 9, 2021. (Doc. 44). On June 22, 2021, Plaintiff filed her response in opposition. (Doc. 50). After reviewing the motion, response, court file and record, the Court finds as follows:

**Background**

Plaintiff Jerri "Megan" Torres was employed by the Pasco County Board of Commissioners as an employee of the Pasco County Utilities ("PCU" or "Utility Department") from around October 2016 until October 2020. According to Plaintiff, during her first few months, she started receiving "cat calls" from another employee, which she appears to allege goes against her religious beliefs. When she reported these incidents to her immediate supervisor and to the director of human resources, Plaintiff alleges that it was suggested that she herself approach the man to end the matter, and that she was also discouraged from pressing the issue further.

Later, in October or November 2016, at least two managers "coerced" her into taking over some managerial duties and performing more than her job position required. Plaintiff claims that her salary was not properly adjusted, she was denied promotions, and that two "false" disciplinary reviews were brought against her. According to Plaintiff, she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on February 4, 2021, alleging violations of Title VII based on sex discrimination, retaliation, religious bias, and sexual harassment.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the

merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

*Pro se* complaints are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotations omitted). That being said, *pro se* litigants must still adhere to the procedural requirements of the Federal Rules of Civil Procedure, the Local Rules of this Court, and other orders. *See, e.g.*, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The Court further notes that *pro se* parties, like all litigants, are subject to sanctions under Federal Rule of Civil Procedure 11 if they engage in improper conduct, including, but not limited to, dismissal of their case and monetary fines. *See, e.g.*, Fed. R. Civ. P. 11(c) "([T]he court may impose an appropriate sanction on any attorney, law firm, or party. . . ."); *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991) ("This court has held that three types of conduct warrant the imposition of Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose."); *Moon v. Newsome*, 863 F.2d 835, 837-38 (11th Cir. 1989) (*Pro se* litigants are "subject to sanctions like any other litigant.").

## Analysis

### *Shotgun Pleading*

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant

therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Plaintiff's amended complaint contains counts that reallege all prior claims before it, committing the "mortal sin" described in prong one of *Weiland*. 792 F.3d at 1322-23. More specifically, in each count, Plaintiff "incorporates as if fully restated all of the allegations previously written, mentioned, pointed out by the Plaintiff." This constitutes a shotgun pleading. This defect alone would result in the Court's dismissal of the amended complaint.

Furthermore, some of the counts improperly mix several different causes of action and/or claims for relief. For instance, Count 4 purports to allege claims for both "harassment" and "trespass." Count 3 appears to assert claims for discrimination and retaliation. This improper mixing of claims makes it difficult for Defendant to respond accordingly and present defenses, and for the Court to appropriately adjudicate this case. In any amended complaint, Plaintiff should separate each cause of action into separate counts.

***Punitive or Exemplary Damages or Pre-Judgment Interest***

Defendant seeks to dismiss Plaintiff's claim for punitive and/or exemplary damages for failure to state a claim, arguing that the State of Florida has not waived sovereign immunity for such damages. The Court agrees. Florida law does not provide for these types of damages. *See* § 768.28, *F.S.* In addition, punitive damages against political subdivisions are not available in Title VII cases. *See* 42 U.S.C. § 2000e; *Hodge v. Orlando Util. Comm'n*, No. 6:09-cv-1059-Orl-19DAB, 2009 WL 4042930, at *6-7 (M.D. Fla. Nov. 23, 2009) (plaintiff cannot recover punitive damages in Title VII case against political subdivision of State of Florida). The motion is granted with prejudice as to this ground and claims for punitive and/or exemplary damages should not be included in any subsequent complaints.

***Count 1***

Defendant seeks dismissal of Count 1, arguing that Plaintiff has not and cannot state a plausible claim for duress or coercion. To the extent that Plaintiff asserts a claim for economic duress, such a claim is not cognizable under Florida law. *See, e.g., Kuhlman v. Crawford & Co.*, No. 01-3036-CIV, 2002 WL 34368089, at *5 (S.D. Fla.

Jan. 23, 2002) (noting that in Florida, although economic duress has been recognized as an affirmative defense, it is not an independent cause of action); *Riedel v. NCNB Nat'l Bank, Inc.*, 591 So. 2d 1038, 1039 (Fla. 1st DCA 1991) (same).

To the extent that Plaintiff asserts a claim for common law duress, she has failed to state a claim. "To state a cause of action for duress, a plaintiff must demonstrate (1) that one side involuntarily accepted the terms of another, (2) that circumstances permitted no other alternative, and (3) that said circumstances were the result of coercive acts of the opposite party." *Woodruff v. TRG-Harbour House, Ltd.*, 967 So. 2d 248, 250 (Fla. 3d DCA 2007) (internal quotations omitted). Importantly, "[d]uress involves a step beyond mere illegality and implies that a person has been unlawfully constrained or compelled by another to perform an act under circumstances which prevent the exercise of free will." *Id.* (quoting *McLaughlin v. Fla., Dep't of Natural Res.*, 526 So. 2d 934, 936 (Fla. 1st DCA 1988)).

The crux of Plaintiff's grievance in this count is that she took on job duties that she believes she was not responsible for and was not adequately compensated. This conduct is not sufficient to state a common law duress claim. The motion to dismiss is granted, and Count 1 is dismissed. In an abundance of caution, the Court will grant leave to amend to allow Plaintiff to allege and identify any coercive acts that could support a common law duress claim.

*Count 2*

Defendant seeks dismissal of Count 2 for failure to state a claim. In Count 2, Plaintiff asserts a Title VII sexual harassment claim based on "cat calls" from another Utility Department employee that occurred on or before October 2016.[1]

"Generally, sexual harassment comes in two forms: harassment that does not result in a tangible employment action (traditionally referred to as 'hostile work environment' harassment), and harassment that does result in a tangible employment action (traditionally referred to as 'quid pro quo' harassment)." *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 508 (11th Cir. 2000) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 760-63 (1998)). The distinction between these types of claims is important due to the affirmative defenses that may be available to a corporate defendant, among other things. *See, e.g.*, *id.* It appears that Plaintiff alleges a hostile work environment claim.

To establish sexual harassment, a plaintiff must demonstrate: "(1) that she belongs to a protected group; (2) that she has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment was based on [her sex] …; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a

---

[1] The Court notes that is unclear whether this conduct can support a timely claim for relief where the conduct at issue allegedly occurred over four years prior to the filing of the EEOC charge. As a prerequisite to bringing claims under Title VII, a plaintiff must timely file a charge of discrimination. *See* 42 U.S.C. § 2000e-5. "In Florida, a deferral state, Title VII requires charges of discrimination be filed with the EEOC within 300 days of the discriminatory act." *Pedrioli v. Barry Univ., Inc.*, No. 6:17-cv-00577-Orl-40GJK, 2018 WL 538743, at *2 (M.D. Fla. Jan. 24, 2018) (internal citations omitted).

basis for holding the employer liable." *Id.* "In assessing whether harassment is objectively severe and pervasive, courts typically look to: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct was physically threatening and humiliating or just a mere utterance; and (4) whether the conduct unreasonably interferes with the employee's work performance." *Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1247 (11th Cir. 2004) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998)).

Although Plaintiff generally alleges that the conduct involving catcalls was "severe and pervasive," the facts she set out only include that she received an unspecified number of catcalls from a single unnamed employee sometime on or before October 2016. She fails to provide information establishing the frequency of the conduct and does not include more specific dates. As such, she fails to allege facts demonstrating the required degree of severity to support a hostile work environment claim. Moreover, she does not allege or show whether the incidents were physically threatening and humiliating, or mere utterances. And, beyond a conclusory statement, Plaintiff does not provide sufficient facts to show that the conduct unreasonably interfered with her work performance. As such, the Court concludes that Plaintiff has failed to meet the pleading requirements of Rule 8. The motion to dismiss is granted, and Count 2 is dismissed, with leave to amend.

### *Count 3*

Defendant argues that Count 3 is subject to dismissal because the claim is vague and conclusory. In Count 3, Plaintiff appears to allege that she was the subject of "multiple false rumors" and "defamatory statements," and that these rumors and

statements were used to discriminate against her and to retaliate against her for reporting sexual harassment.

Though Rule 8 does not ask for much, it does require that a plaintiff alleging discrimination or retaliation "include the basic facts" of the claims, including the pertinent dates of the alleged activity. *See, e.g.*, *Laster v. Dollar Gen. Corp.*, No. 8:12-cv-2685-T-17MAP, 2013 WL 2147556, at *3, *4 (M.D. Fla. May 16, 2013). Plaintiff references very few dates: (1) the cat calls in October 2016, (2) an increase in job tasks and duties in October or November 2016, (3) an incident in January or February 2020 where Defendant told Plaintiff's colleagues to not approach her for technical assistance or solutions, and (4) a disciplinary review that was filed on January 13, 2020. By not providing sufficient factual detail, such as dates, Plaintiff's amended complaint fails to satisfy Rule 8.

To the extent that Plaintiff alleges a discrimination claim, she has failed to plead a facially sufficient claim. It is unclear what the basis of discrimination is, particularly considering that the amended complaint includes references to sex discrimination and religious discrimination in numerous counts. "Although a plaintiff need not satisfy the *McDonnell Douglas* framework at the pleading stage," she must provide sufficient factual detail to suggest discrimination. *Uppal v. Hospital Corp. of America*, 482 F. App'x 394, 396 (11th Cir. 2012). Plaintiff does not allege any facts to demonstrate that Defendant treated similarly-situated employees outside of her class more favorably, or that Plaintiff's gender or religion played any part in adverse employment actions. She also does not allege the pertinent dates of the certain alleged adverse actions.

To the extent that Plaintiff alleges a retaliation claim, she has also failed to state a claim. To establish causation, a plaintiff must be able to show "but-for" causation. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). The Eleventh Circuit has held that when a plaintiff relies on mere temporal proximity to establish causation, the proximity must be "very close." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007); *see, e.g.*, *Williams v. Waste Mgmt., Inc.*, 411 F. App'x 226, 229-30 (11th Cir. 2011) (holding that a two-month gap is not "very close"). In this case, in the absence of any other allegations, it appears that Plaintiff relies only on temporal proximity to establish causation. Plaintiff generally alleges that she reported sexual harassment in October 2016. She also generally alleges that she was subjected to adverse employment actions, including the denials of promotions and false disciplinary reviews. However, as discussed above, she does not clearly identify any of the dates associated with most of the adverse employment actions she claims took place. As such, she has failed to sufficiently allege a claim. The motion to dismiss is granted as to Count 3, with leave to amend.

*Count 4*

Defendant seeks dismissal of Count 4 for failure to state a claim. In Count 4, Plaintiff asserts a "harassment and/or trespass" claim. This count appears to be substantially similar to Count 2, which asserts a Title VII sexual harassment claim. Because this claim is vague and unclear, and it is likely duplicative of Plaintiff's other claims, the motion to dismiss is granted. Count 4 is dismissed without prejudice, with leave to amend.

*Count 5*

Defendant argues that Count 5 should be dismissed because the claim is vague and conclusory. This count appears to be substantially similar to Counts 2 and 4 as it involves a "sexual harassment claim" that resulted in a "severely adverse, abusive, pervasive work environment for Plaintiff." To the extent that this count addresses the same sexual harassment claim, this is duplicative.

To the extent that Plaintiff alleges a sex discrimination claim, the Court finds that she has failed to meet her pleading burden. She has failed to allege that she was treated differently or intentionally discriminated against due to her sex. *See* 42 U.S.C. § 2000e-2(a)(1); *Jefferson v. Sewon America, Inc.*, 891 F.3d 911, 920 (citing *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 771-72 (2015)). She also has not alleged facts to show a tangible adverse effect on her employment. *See id.* (citing *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001)). As such, the motion to dismiss is granted, and Count 5 is dismissed, with leave to amend.

*Count 6*

Defendant seeks dismissal of Count 6, arguing that constructive discharge is not a distinct cause of action. The Court agrees. *See, e.g.*, *Walsh v. City of Ocala*, No. 5:18-cv-402-Oc-30PRL, 2019 WL 4395297, at *7 (M.D. Fla. June 17, 2019), *report and recommendation adopted*, 2019 WL 3297248 (M.D. Fla. July 23, 2019); *Bell v. Metro. Atlanta Rapid Transit Auth.*, No. 1:10-CV-1117-JEC, 2011 WL 1225899, at *7 (N.D. Ga. Mar. 30, 2011). The motion to dismiss is granted as to this ground. Count 6 is dismissed, without leave to amend.

*Count 7*

Defendant argues that Count 7 should be dismissed because the claim is vague and conclusory. In Count 7, Plaintiff asserts a claim based on "religious bias, persecution or discrimination," claiming that sexual harassment in the workplace is a violation of her religious beliefs. Specifically, Plaintiff alleges that Defendant discriminated against her based on her religion or religious beliefs by refusing to take action against the person she claims sexually harassed her.

It is unlawful for an employer to discriminate against an employee with respect to her compensation, terms, conditions or privileges of employment based on that individual's religion. 42 U.S.C. § 2000e-2(a)(1). Here, Plaintiff does not sufficiently identify her religion or religious beliefs, that she was qualified to perform her job, that Defendant treated similarly-situated employees outside of the class more favorably, that her religion played any part in adverse employment actions, or that Defendant knew of her religion or religious beliefs. She also does not allege that the employment action (or lack of action) was taken because of a discriminatory motive. The motion to dismiss is granted, with leave to amend.

*Count 8*

Defendant seeks dismissal of Count 8, arguing that the claim is vague and conclusory. The basis for Count 8 is unclear – Plaintiff appears to allege that she did not receive a promotion and was instead forced to train the person hired for that position, perhaps due to the sexual harassment claim referenced throughout the amended complaint. Because this claim is vague and unclear, and it is likely

duplicative of Plaintiff's other claims, the motion to dismiss is granted. Count 8 is dismissed without prejudice, with leave to amend.

*Count 9*

Defendant argues that Count 9 is subject to dismissal because Plaintiff has not and cannot state a claim for relief under the Equal Pay Act of 1963 ("EPA"). "To establish a prima facie case under the EPA, an employee must show that an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Arrington v. Cobb Cnty.*, 139 F.3d 865, 876 (11th Cir. 1998) (internal quotations omitted).

In this case, Plaintiff alleges that she took over some managerial duties without proper adjustments to salary. She does not allege that her employer paid an employee of the opposite sex more for equal work in an equal position. She does not allege or explain any facts to demonstrate the skill, effort, or responsibilities involved in either her job or the manager's job. The motion to dismiss is granted as to this ground. Count 9 is dismissed, with leave to amend.

## Conclusion

If Plaintiff chooses to file an amended complaint, she is encouraged to consider the following – "sometimes less is more."

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED**:

1) "Defendant's Motion to Dismiss Amended Complaint" (Doc. 44) is hereby **GRANTED**.

2) Plaintiff is directed to file an amended complaint to correct the deficiencies identified in this Order on or before August 25, 2021. Failure to file an amended complaint as directed will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of August, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**