UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRI TORRES,

    Plaintiff,

v.                                                                 Case No: 8:21-cv-892-TPB-JSS

PASCO COUNTY BOARD OF
COMMISSIONERS,

    Defendant.
_____/

# ORDER

THIS MATTER is before the court on Plaintiff's Emergency Motion to Sanction Defendant and Strike Defendant's Motion to Compel Deposition ("Motion") (Dkt. 80) and Plaintiff's Supplement to the Motion (Dkt. 84). Plaintiff moves the court for emergency relief to strike Defendant's notice of deposition to Plaintiff or to preclude Defendant from taking her deposition on March 11, 2022, which the court construes as an emergency motion for a protective order. (Dkts. 80, 84.)

## APPLICABLE STANDARDS

The court may, for good cause, issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (providing that the district court may issue a protective order if "good cause" is shown). The party seeking a protective order has the burden to demonstrate good

cause. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005). "'Good cause' is a well-established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." *Alexander*, 820 F.2d at 356. Establishing good cause requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (internal quotations omitted).

## ANALYSIS

Plaintiff has not established good cause for the court to cancel or postpone her deposition scheduled for March 11, 2022. Defendant is entitled to take Plaintiff's deposition. Fed. R. Civ. P. 30(a). ("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)."). Plaintiff previously resisted Defendant's efforts to depose her, prompting Defendant to file a motion to compel Plaintiff's deposition. (Dkt. 65.) Plaintiff responded to the motion to compel and asserted various reasons why she believed she was not subject to deposition. (Dkt. 67.) The court held a hearing on the motion to compel and heard arguments from the parties. (Dkt. 74.) The court granted in part and denied in part the motion to compel and directed Plaintiff to appear for a deposition before March 11, 2022. (Dkt. 76.) Plaintiff has not provided any basis for the court to reconsider or amend its prior order. To the extent Plaintiff alleges that Defendant has otherwise delayed discovery, failed to comply with the court's order regarding discovery, withheld discovery, or refused to produce witnesses for deposition, these allegations

do not create good cause to cancel or postpone Plaintiff's deposition. Plaintiff's request that the court strike the notice of deposition or otherwise preclude Plaintiff's deposition from proceeding on March 11, 2022, is denied.

To the extent Plaintiff contends that Defendant's conduct in discovery is sanctionable, the court reserves ruling on this portion of the Motion. Defendant shall respond to the Motion in accordance with Middle District of Florida Local Rule 3.01.

Accordingly, it is **ORDERED**:

1. Plaintiff's Emergency Motion to Sanction Defendant and Strike Defendant's Motion to Compel Deposition (Dkt. 80) is **DENIED** in part.
2. Plaintiff shall appear for a deposition on or before March 11, 2022.
3. The court **RESERVES RULING** on the remainder of Plaintiff's Motion.
4. Defendant shall respond to Plaintiff's Motion in accordance with Middle District of Florida Local Rule 3.01.

**DONE** and **ORDERED** in Tampa, Florida, on March 10, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record