UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRI "MEGAN" TORRES,

    Plaintiff,

v.                                                       Case No: 8:21-cv-892-TPB-JSS

PASCO COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendant.
_____/

**ORDER DENYING "PLAINTIFF'S MOTION FOR
FREE PASSAGE THROUGH MARSHAL'S CHECK POINT"**

This matter is before the Court on "Plaintiff's Motion for Free Passage Through Marshal's Check Point," filed *pro se* on April 13, 2022. (Doc. 92). After reviewing the motion, court file and record, the Court finds as follows:

In her motion, Plaintiff seeks "free passage" through the security checkpoint of the federal courthouse "by right of self-determination/governance." She asserts that she was denied entrance on April 7, 2022, after supplying a "diplomatic passport" from "the State Society of Christopher Nation." She was permitted to appear at a hearing telephonically after she refused or declined to provide valid government-issued identification.

Congress has charged the United States Marshals Service and the Secretary of Homeland Security with protecting the federal courts. 28 U.S.C. § 566(a) ("It is the primary role and mission of the United States Marshals Service to provide for the security and to obey, execute, and enforce all orders of the United States

District Courts, the United States Courts of Appeals, the Court of International Trade, and the United States Tax Court, as provided by law."); *United States v. Smith*, 426 F.3d 567, 576 (2d Cir. 2005). After the events of September 11, 2001, a new policy requiring photo identification was implemented to protect federal buildings and courthouses. *Id.* at 570. Although some individuals have filed suit, insisting on a constitutional right to enter a federal courthouse without providing identification, these challenges have been soundly rejected. *See, e.g.*, *Haas v. Monier*, No. NH CA 08-169 MML, 2009 WL 1277740, at *7 (D.N.H. Apr. 24, 2009) (collecting cases). To be clear, "the governmental interest in safeguarding courthouses is paramount . . . and a request by [the] marshal for identification is a reasonable and limited measure to ensure that courthouse security is maintained." *Gardner v. Caddo Parish Sheriff Office*, No. CIV.A. 12-1916, 2013 WL 654152, at *1 (W.D. La. Feb. 5, 2013), *report and recommendation adopted*, 2013 WL 638890, at *1 (W.D. La. Feb. 21, 2013).

Plaintiff does not assert that she does not possess a valid government-issued form of identification, or that she cannot afford a fee associated with obtaining such identification. Instead, she is upset that the marshal would not accept a homemade passport from a fictitious, nonexistent state. But even if Plaintiff believes that she is a sovereign of the "Christopher Nation" and does not recognize the authority of the United States of America or State of Florida, that does not make her exempt from the requirement to produce a *valid* government-issued identification to enter

the federal courthouse.  If she does not wish to produce such identification to enter the courthouse for hearings or trial, she cannot enter the building.

      **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of April, 2022.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**