UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRI TORRES,

     Plaintiff,

v.                                    Case No: 8:21-cv-892-TPB-JSS

PASCO COUNTY BOARD OF
COMMISSIONERS,

     Defendant.

_____/

## ORDER

Plaintiff seeks additional time to conduct discovery and moves for reconsideration of the court's order setting deadlines for the case. (Motion, Dkt. 105.) Defendant did not submit a response to the Motion and the time to do so has expired.[1] The Motion is therefore deemed unopposed. M.D. Fla. R. 3.01(c). Upon consideration, the Motion is granted in part and denied in part.

## BACKGROUND

Plaintiff sued her former employer for sexual harassment, hostile work environment, retaliation, and sex discrimination. (Dkt. 62.) The original Case Management and Scheduling Order initially set the discovery deadline in this case for December 10, 2021. (Dkt. 61.) On January 27, 2022, following motions from the

---

[1] Defendant filed an opposition to Plaintiff's original motion to extend discovery (Dkt. 98) but did not respond to Plaintiff's Motion for Reconsideration.

parties and difficulties scheduling depositions, the court extended the discovery deadline to March 11, 2022. (Dkt. 76.) On March 6, 2022, Plaintiff filed an emergency motion for sanctions against Defendant and alleged violations of the Federal Rules of Civil Procedure and discovery rules. (Dkt. 80.) Following a hearing, the court granted Plaintiff leave to conduct very limited additional discovery. (Dkt. 90.)

On April 19, 2022, Plaintiff again moved to extend the discovery deadline. (Dkt. 94.) The motion included a very limited explanation of the basis for the request, stating only that during recent depositions, "certain details and facts sprung up which necessitate further discovery and depositions of other witnesses." (Dkt. 94 at 1.) Plaintiff also requested additional time to obtain the deposition of a witness that was on maternity leave. (*Id.*)

The court granted in part and denied in part Plaintiff's motion to extend discovery ("Discovery Order"). (Dkt. 100.) The court granted additional time to take the deposition due to the specific circumstances. As to Plaintiff's request to generally extend discovery, the court denied the motion upon finding that Plaintiff failed to demonstrate good cause for another extension of the discovery deadline. (*Id.* at 3.) In this Motion, Plaintiff moves for reconsideration of the Discovery Order. (Dkt. 105.)

## APPLICABLE STANDARDS

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). The decision to grant a motion for reconsideration of a non-final order is committed to the sound discretion of the court. *Region 8 Forest Serv. Timber*

*Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). A motion for reconsideration requires the moving party to show: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Branch Banking & Tr. Co. v. Shirley Inv. Properties, LLC*, No. 8:13-cv-528-T-23MAP, 2014 WL 12623802, at *1 (M.D. Fla. Jan. 16, 2014); *see Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 684–85 (M.D. Fla. 1996) (noting that "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources").

## ANALYSIS

In this Motion, Plaintiff offers a detailed explanation of the basis for her request to extend discovery. (Dkt. 105.) Plaintiff indicates that she was targeted, intimidated, and harassed in her workplace and seeks additional discovery to support these allegations. (*Id.* at 4.) Plaintiff further identifies specific facts that were revealed during recent depositions and explains why additional discovery into these facts is required to support her claims. *Pro se* filings must be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). As such, the court finds, in its discretion, that reconsideration of the Discovery Order is warranted. The court grants the parties an additional forty-five (45) days to conduct further discovery.

However, Plaintiff is advised that, in accordance with Federal Rule of Civil Procedure 26, she may only seek discovery that is not privileged and "relevant to any

party's claim or defense and proportional to the needs of the case" in *this* action.  Fed. R. Civ. P. 26(b)(1).  To the extent that Plaintiff seeks discovery that may be relevant only to her "defamation case in state court," this information falls outside the scope of permissible discovery in this action.  *See Maronda Homes, Inc. of Fla. v. Progressive Exp. Ins. Co.*, No. 6:14-cv-1287-ORL-31, 2014 WL 6610932, at *5 (M.D. Fla. Nov. 21, 2014) (denying discovery relevant only to state court claims).

**CONCLUSION**

Accordingly:

1.  Plaintiff's Motion for Reconsideration (Dkt. 105) is **GRANTED in part** and **DENIED in part** as stated herein.

2.  The discovery deadline is extended to July 5, 2022.

3.  The dispositive motion deadline is extended to August 4, 2022.

4.  Plaintiff's Motion is otherwise denied.

**ORDERED** in Tampa, Florida, on May 19, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record