UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRI TORRES,

    Plaintiff,

v.                                                                                          Case No: 8:21-cv-892-TPB-JSS

PASCO COUNTY BOARD OF
COMMISSIONERS,

    Defendant.
_____/

## ORDER

Plaintiff moves for reconsideration of the court's order denying her motion to compel (Dkt. 113) as moot (Dkt. 117). (Motion, Dkt. 118.) Defendant opposes the Motion. (Dkt. 119.) For the reasons set forth below, Plaintiff's Motion for Reconsideration is **GRANTED** to the extent reconsidered below, and her motion to compel (Dkt. 113) is otherwise **DENIED**.

## BACKGROUND

Plaintiff sued her former employer for sexual harassment, hostile work environment, retaliation, and sex discrimination. (Dkt. 62.) At the request of the parties, discovery in this matter has been repeatedly extended by the court, and closed on July 5, 2022. (Dkts. 76, 90, 100, 107.)

Prior to the close of discovery, Plaintiff moved on June 20, 2022 for an order declaring that service of five subpoenas on Defendant was valid and compelling

Defendant's compliance with the subpoenas. (Dkt. 113.) On June 29, 2022, Defendant filed an opposition to Plaintiff's motion, and represented that as of June 23, 2022, Defendant agreed to accept service of the subpoenas and provided its responses to Plaintiff. (Dkt. 115 at 6–7, 9.) In light of Defendant's representations, the court denied Plaintiff's motion to compel (Dkt. 113) and Plaintiff's then-pending motion for leave to file a reply brief in support of her motion to compel (Dkt. 116) as moot. (Dkt. 117.)

On July 13, 2022, Plaintiff filed the instant Motion seeking reconsideration of the court's order denying her motion to compel. (Dkt. 118.) With the Motion, Plaintiff attached an excerpt of Defendant's responses to the subpoenas (Dkt. 118-1), which Plaintiff stated she received "about six-minutes" after filing her motion to compel. (Dkt. 118 at 5; Dkts. 118-4, 118-5.) Plaintiff also reattached three of the subpoenas (Dkt. 118-2) and correspondence with the clerk's office reflecting the timeline on which Plaintiff received the subpoenas. (Dkt. 118-3.) Plaintiff also attached what she represents to be a public declaration from 1887 evidencing a "claim of the territory" of Pasco County, purportedly to contradict Defendant's claim that the proper defendant in this action is Pasco County. (Dkt. 118-6); *see also* (Dkt. 119 at 1, n.1.)

Defendant filed an opposition to Plaintiff's Motion on July 25, 2022. (Dkt. 119.) On July 29, 2022, Plaintiff filed a reply in further support of the Motion. (Dkt. 124.)

## ANALYSIS

### 1. Reconsideration of the court's order denying Plaintiff's Motion to Compel (Dkt. 117)

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A motion for reconsideration requires the moving party to show: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Branch Banking & Tr. Co. v. Shirley Inv. Properties, LLC*, No. 8:13-cv-528-T-23MAP, 2014 WL 12623802, at *1 (M.D. Fla. Jan. 16, 2014); *see Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 684–85 (M.D. Fla. 1996). A "change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order." *Sussman*, 153 F.R.D. at 694 (citing *Ware v. United States*, No. 93-1172-CIV-T-17, 1994 WL 34173 (M.D.Fla.1994)); *Kaplan v. Kaplan*, No. 2:10-cv-237-FtM-36SPC, 2011 WL 13141502, at *1 (M.D. Fla. Sept. 14, 2011) ("A motion for reconsideration should raise new issues, not merely address issues litigated previously.") (citation omitted). To "introduce previously unsubmitted evidence on a motion to reconsider," the movant bears the burden to show that "the evidence was not available during the pendency of the motion." *Carruega v. Steve's Painting, Inc.*, No. 2:16-cv-715-FTM-29CM, 2017 WL 3387228, at *2 (M.D. Fla. Aug. 7, 2017) (quoting *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997)); *Leveille v. Upchurch*, No. 3:19-cv-908-BJD-MCR, 2021 WL 1530730, at *3 (M.D. Fla. Apr. 19, 2021) (granting reconsideration of motion to compel). The

decision to grant a motion for reconsideration of a non-final order is committed to the sound discretion of the court. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

Here, the court finds that Plaintiff has demonstrated new evidence warranting reconsideration of the court's order denying Plaintiff's motion to compel. The court denied Plaintiff's motion to compel as moot based on Defendant's representation that it had accepted service of the subpoenas and had provided its responses to Plaintiff. (Dkt. 118.) With the instant Motion, Plaintiff has provided the court with an excerpt of Defendant's responses. *See* (Dkt. 118-1.) Plaintiff raises new issues as to the argued inadequacy of Defendant's responses to the subpoenas, which she did not (and could not) have raised in her initial motion to compel that was filed before Defendant responded. *See Sussman*, 153 F.R.D. at 694 (emphasizing that "[o]nly a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order"). As such, the court, in its discretion, grants Plaintiff's Motion for Reconsideration of its order denying Plaintiff's motion to compel (Dkt. 117), and reconsiders the motion in light of the additional facts and arguments Plaintiff submits with the instant Motion. *See Leveille*, 2021 WL 1530730, at *3.

### 2. Plaintiff's Motion to Compel (Dkt. 113)

In the Motion, Plaintiff argues that certain of Defendant's responses to the subpoena requests are inadequate and seeks to have the court compel Defendant's compliance with those requests. (Dkts. 118, 124.) Defendant responds that Plaintiff's filings make "no decipherable argument as to why she contends the Court should

reconsider its ruling," that Defendant "responded to Plaintiff's subpoena[s] in a timely fashion and exercised its right to object to the subpoena requests," and that Plaintiff has failed to confer regarding those objections. (Dkt. 119 at 5–6.)

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Relevancy is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). However, Rule 26 is not an "unlimited license for fishing expeditions." *Benz v. Crowley Logistics, Inc.*, No. 3:15-cv-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (quoting *Belcher v. A & M Business Properties, Inc.*, No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575, at *3 (M.D. Fla. July 27, 2015)). Courts thus require a threshold showing of relevancy by the party seeking discovery to avoid arbitrary requests for discovery that does not bear on relevant issues. *Id.* (citing *Salvato v. Miley*, No.: 5:12-cv-635-Oc-10PRL, 2013 WL 2712206, at *2 (M.D. Fla. June 11, 2013)). Further, the burden rests on the moving party to initially offer proof that the information sought is in fact relevant. *Moore v. Lender Processing*, No.: 3:12-cv-205-J-32MCR, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013) (citations omitted).

The court has carefully reviewed Plaintiff's Motion and reply brief and it appears that she contends that the documents sought in subpoena Request No. 2, are

relevant to the claims in her complaint.[1] *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). (Dkt. 124.) Request No. 2 seeks "[p]hysical documents showing Barabara (*sic*) Hitzemann's or [D]efendant's HR department's sexual harassment investigations during Hitzemann's employment with the Defendant. Hitzemann stated 'ten . . .' investigations." (Dkt. 113-1 at 5.) It appears Plaintiff is seeking evidence of all sexual harassment investigations conducted by Ms. Hitzemann or Defendant during Ms. Hitzemann's employment with Defendant. Plaintiff maintains that the documents she seeks are relevant to an alleged false statement made by Ms. Hitzemann during her deposition on March 10, 2022 (Dkt. 105-1). (Dkt. 124.)

According to Plaintiff, Ms. Hitzemann testified during her deposition that she had not taken action on a report charging Plaintiff with illegally recording and intercepting communications. (Dkt. 124 at 3.) Plaintiff contends that Ms. Hitzemann's statement was untrue because a Pasco County Sheriff's report indicated that an investigation had been conducted and Plaintiff was "exceptionally cleared" of that charge. (*Id.* at 2–3.) Thus, Plaintiff argues that Ms. Hitzemann committed perjury and the documents sought are relevant to her claim for a hostile work environment. (*Id.* at 5.)

---

[1] Plaintiff devoted nearly the entirety of her actual Motion to Compel (Dkt. 113) to arguing that service of the subpoenas on Defendant was proper.

The documents Plaintiff seeks are not relevant to the claims in the complaint or proportional to the needs of the case. Plaintiff's request seeking the discovery of documents "showing" all "sexual harassment investigations during Hitzemann's employment with the Defendant" as sought by Request No. 2 is overly broad and lacks relevance. *See Beaulieu v. Wells Fargo Bank, N.A.*, No. 615-cv-2116-ORL40GJK, 2016 WL 2944048, at *2 (M.D. Fla. May 18, 2016) (granting protective order where "areas of inquiry are patently overbroad, not tailored to the issues in this case and not proportional to the issues in this case"). Defendant states that it previously produced documents related to its investigation into Plaintiff's sexual harassment claim and Plaintiff has not challenged that assertion. *See* (Dkt. 118-1 (Defendant's response to Request No. 3).) Rather, Plaintiff broadly seeks documents from all "sexual harassment investigations" during Ms. Hitzemann's tenure. This request constitutes an impermissible fishing expedition designed to allow Plaintiff to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so." *Benz*, 2016 WL 11587289, at *2 (quoting *Henderson v. Holiday CVS*, 269 F.R.D. 682, 687 (S.D. Fla. 2010)). This is especially true given that Request No. 2 seeks documents related to "sexual harassment investigations," which would not appear to include an investigation into a charge of illegally intercepting communications on which Plaintiff bases her arguments of relevancy. *See* (Dkt. 124 at 4.) Thus, even liberally construing Plaintiff's arguments, Plaintiff has failed to meet her burden of establishing the relevance of the documents sought by Request No. 2. Further, the documents Plaintiff seeks in

subpoena Requests No. 1 and 4 likewise lack relevance, and Plaintiff has not met her initial burden with respect to those requests. *See, e.g.*, *Benz*, 2016 WL 11587289, at *3 (concluding plaintiff had not met her initial burden of showing how the information sought is relevant to her claims); *Jones*, 2012 WL 3065384, at *2 (denying a motion to compel when the moving party failed to make an adequate initial showing of relevancy).

Additionally, Plaintiff devotes much of the instant Motion to explaining how Defendant's objections are simply "boilerplate-objections" that lack clarity. (Dkt. 118 at 6–7.) Under Federal Rule of Civil Procedure 34(b)(2)(B), objections to discovery requests must "state with specificity the grounds for objecting to the request, including the reasons." Boilerplate objections are improper. *Gibson v. Resort at Paradise Lakes, LLC*, No 8:16-cv-791-T-36AAS, 2017 WL 735457, at *3 (M.D. Fla. Feb. 24, 2017); *Bank v. Graham*, No. 8:19-cv-415-T-35SPF, 2020 WL 2425732, at *1 (M.D. Fla. May 12, 2020) (overruling improper boilerplate objection to discovery request). However, the initial burden rests on the moving party to establish relevancy. *Moore*, 2013 WL 2447948, at *2. "Only after this occurs, will the burden shift to the resisting party to show specifically the reason for resisting the requested discovery." *Benz*, 2016 WL 11587289, at *2 (citing *Henderson*, 269 F.R.D. at 686). Here, as explained above, Plaintiff failed to meet her initial burden of establishing the relevancy of discovery sought. Thus, the court has not considered the adequacy of Defendant's objections.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration of the court's order denying her motion to compel (Dkt. 118) is **GRANTED** to the extent reconsidered herein, and her motion to compel (Dkt. 113) is otherwise **DENIED**.

**ORDERED** in Tampa, Florida, on August 4, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party