UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRI "MEGAN" TORRES,

    Plaintiff,

v.                                                       Case No: 8:21-cv-892-TPB-JSS

PASCO COUNTY BOARD
OF COMMISSIONERS,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S "MOTION
FOR [JUDGE] BARBER'S DISQUALIFICATION"**

This matter is before the Court on Plaintiff's "Motion for [Judge] Barber's Disqualification" (Doc. 156). No response is required. Upon review of the motion, court file, and record, the Court finds as follows:

28 U.S.C. § 455(a) requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and any doubt must be resolved in favor of recusal. *Davis v. Kvalheim*, 261 F. App'x 231, 233 (11th Cir. 2008) (citing *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001)). "The test under 455(a) 'is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubts about the judge's impartiality.'" *Johnson v. Wilbur*, 375 F. App'x 960, 965 (11th Cir. 2010) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir.

1988)). Importantly, "[t]he Court does not consider 'the perceptions of idiosyncratic, hypersensitive, and cynical observers.'" *Paylan v. Bondi*, No. 8:15-cv-1366-T-36AEP, 2017 WL 11553079, at *1 (M.D. Fla. Apr. 6, 2017).

The Court has reviewed Plaintiff's motion and concludes that her claims do not warrant disqualification. No reasonable person, fully informed of the relevant facts, would question the undersigned's impartiality in this proceeding. Plaintiff complains of adverse rulings, including (1) a ruling that Plaintiff is not permitted to pass through the courthouse security checkpoint without valid government-issued identification and (2) a more recent ruling granting a brief extension of time for Defendant to respond in opposition to Plaintiff's motion for summary judgment. Adverse rulings do not constitute a basis for recusal. *Moore v. Shands Healthcare, Inc.*, 617 F. App'x 924, 927 (11th Cir. 2015); *Paylan*, 2017 WL 11553079, at *3 ("Paylan is merely dissatisfied with another of the Court's rulings, which is not a basis for recusal.").

Plaintiff also claims that the undersigned is acting as an adverse party against Plaintiff in concert with defense counsel. To support this unsupported, irrational, and tenuous claim, Plaintiff complains that (1) the American Bar Association, which is made up primarily of attorneys, evaluates federal judicial nominees, and (2) a bar association maintains a room in the federal courthouse for attorneys to use. Neither of these grounds present a legitimate basis for disqualification and do not warrant further comment.

Because there is no legitimate reason to recuse, the undersigned is obligated to preside over the case. *See United States v. Greenspan,* 26 F.3d 1001, 1005 (10th Cir. 1994) ("[A] judge has as much obligation not to recuse himself where there is no reason to do so as he does to recuse himself when the converse is true."); *United States v. Malmsberry*, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002) ("[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as he doe to recuse when the law and facts require."). Plaintiff's motion for disqualification is denied.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of October, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**